# TAULAGA MARESALA MASANIAI, Plaintiff

## v.

## PATEA SIAFONO, Defendant

High Court of American Samoa
Land and Titles Division

LT No. 14-89

August 25, 1989

Before KRUSE, Chief Justice, MATA'UTIA, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Fai'ivae Galea'i
For Defendant, Asaua Fuimaono

This is yet another attempt by plaintiff to revive a land dispute that went to final judgment in *Patea v. Taulaga*, 4 A.S.R. 739 (1966), hereinafter referred to as the "1966 case." A previous attempt by the same plaintiff to reopen this litigation resulted in summary judgment and an award of attorney's fees for defendant Patea. *See Taulaga v. Patea*, 4 A.S.R.2d 186 (1987), hereinafter referred to as the "1987 case," also

a final decision of the Court. Plaintiff continues to challenge the judgment entered in the 1966 case which awarded certain land, "Laloulu," to the Patea family. Plaintiff invokes at this time Trial Court Rule of Civil Procedure, Rule 60 (which tracks the language of Rule 60 of the Federal Rules of Civil Procedure).

When plaintiff's complaint herein was served by delivery to defendant's home, defendant was in fact off-island. After the usual period for responsive pleading had lapsed, plaintiff moved for default sanctions. However, prior to the hearing day for plaintiff's motion, an answer was filed on behalf of defendant together with a counter-motion for summary judgment and attorney's fees. For reasons given, we grant defendant Patea summary judgment and attorney's fees and at the same time deny plaintiff's motion for default.

### Discussion

The circumstances presented here magnify the very policy reasons behind the general objective for judicial finality. The Patea family finds itself today having to again defend its title to the land "Laloulu," which title had been affirmed in the Patea family by the Court some 23 years beforehand.

Plaintiff asserts today in his pleadings that he is entitled to a "retrial" pursuant to Rule 60 because: (1) the Court had made mistakes in both the 1966 case and the 1987 case; and (2) that plaintiff can produce new evidence not presented or available to the Court previously.

Trial Court Rules of Civil Procedure, Rule 60(b) empowers the Court to relieve a party, other than the party in whose favor judgment is rendered, or his legal representative from a final judgment for any of six enumerated reasons. The rule uses the word "may" and thus granting motions under the rule is subject to the Court's sound discretion.

Furthermore, the availability of relief thereunder is not without time limitations. The rule generally requires that motions be made within a reasonable time, and, in the case of motions pursuant to clauses (1)-(3) of the rule, no more than one year after entry of judgment. Thus a motion under one of these first three clauses made beyond the one year period must be denied regardless of the reason shown for delay. *Ackermann v. United States*, 340 U.S. 193 (1950). Additionally it is settled that clauses (1)-(3) on the one hand, and the catch all provision of clause (6) --- "any other reason justifying relief" --- on the other, are

65

mutually exclusive so that resort to the latter may not be had to escape the time limits applicable to motions grounded on the former. *Klapprott v. United States*, 335 U.S. 601 (1948), *Ackermann v. United States*, 340 U.S. at 193.

In the present matter, the pleadings, in terms of the 1966 case, seek relief under Rule 60(b)(1) --- mistake, etc., --- and Rule 60(b)(2) --- newly discovered evidence. Plaintiff's claim to relief is time barred.

Additionally, we exercise our discretion in favor of finality and an end to the needless protraction of litigation. After 23 years of settled expectations the equities are against the reopening of judgment. Our conclusions are necessarily dispositive of any claims to relief with regard to the decision of the 1987 case. Indeed the decision in that case is also res judicata.

Defendant Patea's motion for summary judgment is granted. Defendant is awarded his attorneys fees and costs. A statement of fees and costs shall be submitted for the Court's approval. Plaintiff's motion for default is denied.

It is so Ordered.